929 F.2d 827
 18 U.S.P.Q.2d 1552
 CENTURY 21 REAL ESTATE CORPORATION, Plaintiff, Appellee,
v.
CENTURY 21 REAL ESTATE, INC., Defendant, Appellant.
CENTURY 21 REAL ESTATE CORPORATION, Plaintiff, Appellee,
v.
CENTURY 21 REAL ESTATE, INC., et al., Defendants, Appellants.
CENTURY 21 REAL ESTATE CORPORATION, Plaintiff, Appellant,
v.
CENTURY 21 REAL ESTATE, INC., et al., Defendants, Appellees.
 Nos. 90-1428, 90-1548 and 90-1779.
 United States Court of Appeals,
First Circuit.
 Heard Jan. 9, 1991.
Decided April 3, 1991.
 
 1
 Harry R. Segarra Arroya with whom Jimenez & Segarra was on brief, for defendants-appellants, Century 21 Real Estate, Inc., et als.
 
 
 2
 Michael A. Grow with whom Douglas R. Bush, Ward, Lazarus & Grow, Diego A. Ramos, and Fiddler, Gonzalez & Rodriguez were on brief, for plaintiff-appellee, Century 21 Real Estate Corp.
 
 
 3
 Before CAMPBELL and SELYA, Circuit Judges, and POLLAK,* Senior District Judge.
 
 
 4
 LOUIS H. POLLAK, Senior District Judge.
 
 
 5
 Appellant Century 21 Real Estate Inc. (hereinafter "Century 21 P.R."), a Puerto Rico corporation, and its co-owners, Carlos Lopez-Lay and Ginoris Vizcarra de Lopez-Lay,[1] appeal the district court's grant of summary judgment sustaining Century 21 Real Estate Corporation's (hereinafter "Century 21 International") claims of service mark infringement and unfair competition, arising under the Lanham Act, 15 U.S.C. Secs. 1051 et seq. Appellants also challenge the district court's grant of attorney fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. Sec. 1117. We will affirm the district court's decision on the service mark infringement and unfair competition claims and remand for further proceedings on the attorney fees issue.
 
 
 6
 * Century 21 International, a Delaware corporation, was founded in 1971 and has subsequently developed a worldwide network of independently owned real estate and insurance brokerages. Century 21 International registered the "Century 21" mark with the United States Patents and Trademark Office in April, 1977. In 1978, appellants Carlos Lopez-Lay and Ginoris Vizcarra de Lopez-Lay incorporated Century 21 P.R., registering their corporation with the Puerto Rico Department of State.
 
 
 7
 Century 21 International remained unaware of its Puerto Rico name-alike until, in anticipation of a major expansion of its Caribbean Basin operation, it attempted to register a subsidiary, Century 21 Caribbean, Inc., with the Puerto Rico Department of State. The Department refused to register the new corporation due to Century 21 P.R.'s prior registration. After discussions between Century 21 International and appellants proved unfruitful, Century 21 initiated this action.
 
 
 8
 After discovery, Century 21 International moved for summary judgment. The motion was supported by affidavits of five employees, documentary evidence that showed a history of Century 21 International print and television advertising in media available in Puerto Rico, and documentary evidence establishing Century 21 International's numerous federal service mark registrations. Appellants filed a timely reply memorandum; however, they failed to file a timely statement of material facts in dispute. The Puerto Rico District Court's Local Rule 311.12 requires such a statement to be submitted with any response to a summary judgment motion. Appellants eventually filed an untimely statement, three weeks after their filing of a response to the motion for summary judgment, and one day before the district court entered judgment in Century 21 International's favor. Neither of appellants' filings was accompanied by affidavits or other documentary evidence.
 
 
 9
 Pursuant to 15 U.S.C. Sec. 1115(a), the district court held that Century 21 International's federal registration established its prima facie right in the service mark. This, however, was not the end of the matter. Although its federal registrations established Century 21 International's superior right in the mark, its entitlement to claim exclusive use, i.e. its entitlement to an injunction prohibiting appellants from using the mark, also depended on showing either (1) that both users were currently operating in the same market, or (2) that Century 21 International had a " 'likelihood of entry' " (Appendix 179) into the market for which it sought injunctive relief. The district court found that Century 21 International had established both. Finally, the district court concluded that Century 21 International had satisfied its burden of showing that there was a likelihood of confusion if both it and Century 21 P.R. continued to use the "Century 21" mark in the Puerto Rico market. As a result, the district court entered judgment for Century 21 International, ordering appellants to cease using the trade name "Century 21 P.R." or any similar mark.
 
 II
 
 10
 The numerous issues presented on appeal tend somewhat to overlap one another. We understand the issues to sort themselves into three principal arguments.
 
 
 11
 First, appellants contend that Century 21 International presented no evidence to support its allegation that appellants deliberately infringed Century 21 International's mark. That objection is unavailing both as a matter of law and fact. As a matter of law, the infringee need not show that service mark infringement is deliberate in order to merit injunctive relief. Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 613 (7th Cir.1965). Moreover, as a matter of fact, the uncontradicted evidence established that Century 21 International had been using the Century 21 mark since 1972. The evidence also established that in 1978, when appellants first adopted the mark, Century 21 International was actively using the mark nationwide in the real estate industry, the same industry which appellants proposed to enter when they registered Century 21 P.R. with Puerto Rico officials. Finally, appellants offered no benign account of how they came independently to choose the unique "Century 21" mark. On this state of the evidence, the district court was correct in concluding that there was no material dispute that appellants chose the mark with a deliberate intent to benefit from Century 21 International's reputation. Cf. Kiki Undies Corp. v. Promenade Hosiery Mills, Inc., 411 F.2d 1097, 1101 (2d Cir.1969), cert. dismissed, 396 U.S. 1054, 90 S.Ct. 707, 24 L.Ed.2d 698 (1970).
 
 
 12
 Appellants' second proposed error is the district court's alleged failure to consider their "limited area defense." While we do not find the phrase "limited area defense" in any statute, appellants apparently are suggesting that their use of the mark was permissible pursuant to 15 U.S.C. Sec. 1115(b)(5). Section 1115(b)(5) permits a party to use a mark, even if that mark has been registered by another party, if the non-registering party adopted the mark "without knowledge of the registrant's prior use and [if the mark] has been continuously used by such party ... from a date prior to registration of the mark." In such a case, however, the non-registering party's use of the mark is limited to the area within which the non-registering party has put the mark to continuous use. Id. Appellants apparently claim that their use of the mark satisfies the requirements of 15 U.S.C. Sec. 1115(b)(5) and that they therefore are permitted to use the mark in Puerto Rico.
 
 
 13
 Appellants' reliance on this section is unavailing in two respects. First, appellants failed to provide any evidence that would undermine the conclusion that they adopted the Century 21 mark with full knowledge of Century 21 International's prior use. Indeed, as just noted, the inference stands unrebutted that appellants deliberately selected the mark with an intent to trade on Century 21 International's established reputation. They thus fail Sec. 1115(b)(5)'s requirement that their adoption of the mark have been "without knowledge of the registrant's prior use." Second, the evidence is that Century 21 International registered its mark in 1977 and that appellants began using the mark in 1978. Appellants thus also fail Sec. 1115(b)(5)'s "first use" requirement.
 
 
 14
 Finally, appellants contend that there was insufficient evidence to conclude that there was a likelihood of confusion. Appellants' complaints on this score are a mishmash of unsubstantiated claims, all designed to attack the record evidence submitted to the district court. It is unnecessary to recite appellants' complaints in full detail; two examples will amply demonstrate the deficiencies that generally pervade their argument.
 
 
 15
 First, Century 21 International submitted substantial evidence to the district court establishing its extensive advertising in various media available in Puerto Rico. Based on this, the district court concluded that Century 21 International had established sufficient identity in its mark that any activity by appellants using the mark is likely to create confusion. Appellants now attack the first finding, asserting that it might be the case that local television producers substituted local advertising for Century 21 International advertising run as part of national programming. However, appellants provide no evidence that would support a conclusion that such a switch occurred. The mere assertion that such a switch might have occurred, wholly unsupported by any evidence, cannot serve as a basis for upsetting the district court's judgment.
 
 
 16
 Similarly, appellants assert that (1) the district court's finding that both Century 21 P.R. and Century 21 International were likely to serve the same market--namely, the Puerto Rico real estate market--was unsupported by the evidence; and (2) this in turn undermines the district court's conclusion that dual use of the mark was likely to create confusion. However, we find highly implausible appellants' suggestion that real estate buyers might recognize that a "Century 21" selling commercial real estate is different from a "Century 21" selling residential real estate. More importantly, appellants submitted no evidence to the district court that would support recognizing such a market division.
 
 
 17
 For the foregoing reasons, we conclude that the district court's grant of summary judgment sustaining Century 21 International's claims of service mark infringement and unfair competition was proper and the judgment will therefore be affirmed.
 
 III
 
 18
 Appellants also seek to challenge the district court's grant of attorney fees and costs, pursuant to Section 35 of the Lanham Act, 15 U.S.C. Sec. 1117. While the district court's opinion and order announced the court's determination that attorney fees would be granted, the order did not set the amount of the award. We therefore conclude that an appeal on that issue is premature. In the interests of judicial economy, any consideration of this issue must await the district court's determination of the fee award amount. See Kelly v. United States, 789 F.2d 94, 96 n. 1 (1st Cir.1986) (per curiam). We express no view on this issue at this time.
 
 IV
 
 19
 For the foregoing reasons, the district court's grant of summary judgment on the claims of service mark infringement and unfair competition will be affirmed and the case will be remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Of the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Century 21 International challenges the individual appellants'--as distinct from the corporate appellant's--right to appeal, asserting that the individual appellants' notice of appeal was untimely. The original, timely-filed notice, named as appellants "Century 21 Real Estate, Inc., et als." Prompted by this court's order noting that an "et al." designation is insufficient to notice an individual party's appeal, appellants petitioned the district court for an order permitting them to file a late notice of appeal, correcting the deficiency. The district court granted the motion, a decision Century 21 International now challenges. Given our disposition of the case on the merits, we assume without deciding that the individual appellants are properly before this court