18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Harold D. JOHNSON, M.D., Appellant,
v.
GREATER SOUTHEAST COMMUNITY HOSPITAL, et al.
 No. 92-7088.
 United States Court of Appeals, District of Columbia Circuit.
 March 11, 1994.
 
 Before: GINSBURG and RANDOLPH, Circuit Judges, and WILL, Senior District Judge.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellant Dr. Harold Johnson asks us to review both the district court's decision to award fees to appellee Kurt Darr and the amount of fees actually awarded to Darr under the fee shifting provision of the Health Care Quality Improvement Act of 1986, 42 U.S.C. Sec. 11113. We find, however, that the order awarding fees to Darr is not a final order and hence that under 28 U.S.C. Sec. 1291 we do not have appellate jurisdiction over this appeal.
 
 
 3
 It is unclear whether the district court intended its finding that "[t]his case should not have been brought based on plaintiff's insubstantial allegations against Darr" to satisfy the statutory requirement that the court find the suit to have been "frivolous, unreasonable, without foundation, or in bad faith." 42 U.S.C. Sec. 11113. To the extent that the district court may make further findings to support its fee award, the order below is not final.
 
 
 4
 This conclusion is buttressed by the prior procedural history of the case. In two earlier decisions we respectively affirmed the district court order dismissing Johnson's claims against Darr and reversed that court's order dismissing other defendants. See Johnson v. Greater Southeast Community Hospital, No. 91-7002, Order at 1-2 (D.C.Cir. Apr. 5, 1991); Johnson v. Greater Southeast Community Hospital, 951 F.2d 1268 (D.C.Cir.1991). At the conclusion of the latter proceeding, we remanded the entire case to the district court for further proceedings, which are still ongoing in the district court. Therefore, the attorney's fees orders at issue in this appeal are not final and, absent certification by the district court under Fed.R.Civ.P. 54(b), will not become so until the underlying litigation is concluded. Furthermore, because the attorney's fees orders would not be "effectively unreviewable on appeal from a final judgment" in that litigation, they are not appealable now as collateral orders. Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 498 (1989) (internal quotation marks and citations omitted).
 
 
 5
 That this court previously affirmed appellee Darr's dismissal from the underlying suit does not alter our conclusion. At the time that Darr was dismissed from the suit, the district court had indicated its intention to award him attorney's fees but had not yet determined the amount to be awarded. The district court remained free to reconsider its stated intention at any time, and hence the award of fees was not final and appealable at that time. See Ferrero U.S.A. Inc. v. Ozak Trading, Inc., 952 F.2d 44, 47 (3d Cir.1991); Century 21 Real Estate Corp. v. Century 21 Real Estate, Inc., 929 F.2d 827, 830 (1st Cir.1991).
 
 
 6
 Because the fee award was not before us when the dismissal was appealed and because we remanded the entire case to the district court, our affirmance of the dismissal did not render the award of attorney's fees final with respect to Darr. Hence, absent application of Rule 54(b), the question whether fees are to be awarded to Darr (and, if so, in what amount) remains part of the ongoing litigation below and any orders issued regarding that question would not ordinarily be final until the entire case is concluded; the district judge remains free to alter the amount of fees awarded to Darr or to decide not to award fees at all in light of such further evidence as may come before him. Therefore, it is
 
 
 7
 ORDERED and ADJUDGED that this case is dismissed for want of appellate jurisdiction. Johnson may appeal any ultimate award of fees at the conclusion of this litigation.
 
 
 8
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).
 
 
 
 *
 Honorable Hubert L. Will, United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)