**660**

John C. SPIVEY individually and as trustee of the Spivey Family Trust, et al., Plaintiffs,

v.

BOARD OF CHURCH EXTENSION AND HOME MISSION OF The CHURCH OF GOD, et al., Defendants.

No. 94–1360–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

March 24, 1995.

Stephen C. Sadin, Patricia C. Kraft, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, Thomas S. Martino, Law Office of Thomas Martino, Tampa, FL, for John C. Spivey, Margaret Simonetti, George Simonetti, Glenn Boyer, Margaret Smith, Linda Hood, Edgar Hood, Margaret McConnohie, Eleanor Ross, Patricia Frazier, Joe P. Frazier, Quade Lester, Evelyn C. Conner, Linda Dudler, Dorothy Bryant, James Bryant, John C. Daniels, Spurgeon Cheek, Donald Nelson, Ziba R. Combs, Lloyd Fuller, Ruth Rindge, Judith Nesbit, John Donn, Michael White, Martha Olson, Robert O'Neal, Ruby O'Neal, Kenneth Jimerson, Buddy Ritchey, Ewing Smith, Pamela Martin Lunn, Jim P. Lunn, Laura Greer, Buddy Ritchey.

Robert B. Nadeau, Jr., Akerman, Senterfitt & Eidson, Orlando, FL, George E. Tragos, Law Office of George E. Tragos, Clearwater, FL, for Bd. of Church Extension and Home Mission of the Church of God, Edward W. Ross.

George E. Tragos, Law Office of George E. Tragos, Clearwater, FL, for South Brandon Community Church of God, Inc.

David L. Gorman, David L. Gorman, P.A., North Palm Beach, FL, for Americare Centers, Robert A. Wood, Robert A. Wood, III, William L. Wharton, William A. Eley, A.R. Tillery, Kaalaty Kare Learning Centers, Inc.

Gordon Davis, Montgomery, AL, pro se.

Vicki T. Davis, Montgomery, AL, pro se.

Thomas E. Atchison, Tampa, FL, pro se.

Stephen C. Sadin, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, Thomas S. Martino, Law Office of Thomas Martino, Tampa, FL, for Edwin Farwell, Elinor Liles, Harold Wilson, Edwin Bottemiller, Evelyn Bottemiller, Vivian Porter, Carol Krueck, Philip Gabel, Dorris Gabel, Alice Ferrari, Merrit Dolan, Etta Dolan, Russell Scanlan, John J. Blasko, Anna Panzak, Edward Litvans, Dick German, James L. Shiver, Ruby L. Shiver, Paul Huska, Thomas Brooks, Randy Brooks, Michael Kistner, Emet Krozier, Norman J. Cross, Nellie R. Cross, Robert C. Megert, Mava Lowe, Emily Peeler, Doyle O'Kelley, Richard Dutton, Robert Johnston, Ruth S. Johnston, Albert Schmidt, Jr.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions, memoranda, and other filings:

1. **Defendant South Brandon Community Church of God, Inc. (hereafter "South Brandon"), Motion to Dismiss** and Memorandum in Support (Doc. Nos. 20–21, filed December 5, 1994), and response thereto (Doc. No. 81, filed February 10, 1995).

2. **Defendant Edward Ross (hereafter "Ross"), Motion to Dismiss** and Memorandum in Support (Doc. Nos. 23–24, filed December 5, 1994), and response thereto (Doc. No. 81, filed February 10, 1995).

3. **Plaintiffs Motion to File a Third Amended Complaint** (Doc. No. 41, filed January 3, 1995).

4. **Plaintiffs Motion for Appointment of Receiver** and accompanying affidavits and Memorandum in Support (Doc. Nos. 45–48, filed January 5, 1995), and response thereto (Doc. Nos. 73–74, filed January 30, 1995).

5. **Plaintiffs Motion for Costs** (Doc. No. 61, filed January 17, 1995), and response thereto (Doc. No. 67, filed January 26, 1995).

6. **Plaintiffs Motion for Sanctions** (Doc. Nos. 58–60, filed January 17, 1995), and response thereto (Doc. Nos. 69–70, filed January 30, 1995).

7. **Defendant Board of Church Extension and Home Mission of the Church of God, Inc. (hereafter "Board of Church"), Motion to Dismiss** and Memorandum in Support (Doc. Nos. 84–85), and response thereto (Doc. No. 98, filed March 6, 1995).

### Procedural History

The initial complaint in this case was filed on August 31, 1994. Subsequent to that initial filing there have been two (2) amendments to the complaint and there is currently a Motion for Leave to File a Third Amended Complaint before this Court. Plaintiffs assert that this Court has jurisdiction pursuant to Section 22a of the Securities Act of 1933 (the "Act"), 15 U.S.C. § 77b(a)(7e)(c), § 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa and 28 U.S.C. § 1331, because Defendants allegedly violated provisions of the Act and the Exchange Act. Plaintiffs also allege racketeering in violation of 18 U.S.C. § 1961 et seq.

Though referred to as "pendent jurisdiction"[1], Plaintiffs assert that supplemental jurisdiction is conferred upon all state law claims pursuant to 28 U.S.C. § 1367. Those state law claims include conversion, a petition for injunctive relief, and a petition for the appointment of a receiver.

### Plaintiffs' Motion to Amend—Motions to Dismiss Second Complaint

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). There is no apparent reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, or undue prejudice to the opposing party, that should preclude amendment in this case.

Therefore the Court grants the Plaintiffs' Motion to file a Third Amended Complaint.

---

**1.** In 1990 Congress enacted 28 U.S.C. § 1367, which provides a statutory basis for "supplemental jurisdiction" in Federal Courts.

As a result, the pending Motions to Dismiss filed by Ross, South Brandon and Board of Church, respectively, are moot. As such, those Motions to Dismiss shall be denied without prejudice to re-assert the claims contained therein, and any other the parties may deem proper, against the Third Amended Complaint.[2]

### Plaintiffs' Motion to Appoint Receiver

■ Plaintiffs argue in this Motion[3] that a receiver must be appointed because Terrace Community Church of God, Inc., a Florida not for profit corporation (hereafter "Terrace"), cannot function because it allegedly does not have any officers, directors or shareholders. The reason for the request for appointment of a receiver is to effectuate a sale of the property encumbered by a mortgage which is held by some of the plaintiffs (bond holders).

Plaintiffs claim that the mortgage is in default and can only be foreclosed according to the terms of the Bond Indenture. The Bond Indenture requires action by the bond trustee. Thus, without a trustee, or other authorized individual to act on behalf of Terrace, any prospective Contract for Sale and Purchase cannot be signed.

The Court must deny this motion at this time. The primary concern of the Court is based on this Court's jurisdiction. The appointment of a receiver in a case where a claim is made that there are no officers, directors or shareholders, would normally follow a judgment of dissolution of the corporation. Florida Statute § 617.1431 sets out the procedure for judicial dissolution of not for profit corporations and § 617.1430(3) specifically states that a circuit court (state) may dissolve a corporation in a proceeding by a creditor if it is established that: (a) the creditor's claim has been reduced to judgment, the execution on the judgment returned unsatisfied, and the corporation is insolvent; or (b) the corporation has admit-

ted in writing that the creditor's claim is due and owing and the corporation is insolvent.

The law in the state of incorporation traditionally governs internal corporate affairs. In this case, Plaintiffs would apparently have this Court exert supplemental jurisdiction over this state law action, pursuant to 28 U.S.C. § 1367(a). In order to do that the argument must be made that the claim for dissolution and appointment of a receiver is "so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The meaning of "same case or controversy" of course has been interpreted consistent with the *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) requirement that the two claims arise from a common nucleus of operative fact.

While the Court may have the power to hear this state law claim, it also has the discretion to decline supplemental jurisdiction if there are compelling reasons. 28 U.S.C. § 1367(c). The dissolution of Terrace potentially involves many more issues than simply the aspects of the mortgage foreclosure that affect this action, that is based primarily upon Federal questions of securities fraud. At this point in the case it is the Court's judgment that the judicial determination of the dissolution of Terrace is more properly pursued at the state level. Therefore, the Court will not exercise supplemental jurisdiction over this state law issue at this time and the Plaintiffs' Motion for Appointment of Receiver is denied.

### Plaintiffs' Motion for Costs

■ Plaintiffs filed this Motion to recover the costs and attorneys' fees based on the failure of Defendants Ross and South Brandon to respond to the Request to Waive (hereafter "Request") and Waiver of Service (hereafter "Waiver") sent through the regu-

---

**2.** The court is aware that prospective motions to dismiss may contain the same legal argument set forth in prior motions. If that is the case, the normal requirement that Citation of Authorities be submitted is not required. The Court will maintain the prior indexed copies of the cases cited on file throughout the pre-answer period.

**3.** The Court requests that future filings by Plaintiffs, other than the complaint, utilize the short form of the case cite, just as the Court has done in the captions for its orders. The Court cites counsel to Fed.R.Civ.P. 10(a).

lar mail pursuant to Fed.R.Civ.P. 4(d)(2), thus requiring personal service of process. In response to this Motion the Defendants cite a variety of defects that were contained within the Waivers.

Under Rule 4(d)(2)(A), where a waiver is sought from an individual, the waiver request must be addressed directly to the defendant. If the waiver is sought from a corporation, it must be addressed to a person authorized to receive service of process, i.e., an officer or managing general agent. Fulfilling these requirements is a condition precedent to a demand for costs for refusal to waive service.

In this case, the Defendants correctly point out that the individual waiver was sent to a Edwin Ross rather than R. Edward Ross and that the South Brandon Waiver is not addressed to an officer, or managing general agent of the not-for-profit corporation. While it is perhaps arguable that the Ross was in fact aware that the Waiver and Request were destined for him, the rules are not designed to require a factual inquiry prior to making a determination of whether to grant a motion for costs for failure to waive service. If the plaintiff properly complies with all of the requirements of Rule 4(d)(2), then costs are awarded.

The Court finds these defects in the Waivers to be dispositive and Plaintiffs' Motion for Costs is denied. There is no need to address any of the other deficiencies outlined by Defendants Ross and South Brandon. The Court would be remiss, however, not to take notice of the amount claimed for attorney's fees that were incurred in bringing this Motion for costs. The Court is concerned by the claim of four hundred eighty-seven and 50/100 dollars ($487.50) to bring what amounts to a seven paragraph motion that covers little more than one page and cites no case law.

By way of comparison, the United States District Court for the Eastern District of Pennsylvania recently granted just such a motion for costs pursuant to rule 4(d)(2). In that case the court found it reasonable to award seventy-five dollars ($75.00) per defendant that failed to waive service according to the rule. *Thompson v. Kramer*, No. 93–2290, 1994 WL 725953, 1994 U.S.Dist. LEXIS 18650 (E.D.Pa. Dec. 28, 1994).

### Plaintiffs' Motion for Sanctions

Plaintiffs' Motion seeks sanctions pursuant to Fed.R.Civ.P. 11, in regard to the Ross and South Brandon Motions to Dismiss and the Memoranda in support of those motions. The specific issues raised by the motion for sanctions regarding the deficiencies of the motions to dismiss will not be further addressed. It is clear that there are deficiencies in the Second Amended Complaint, as evidenced by the motion to file yet a Third Amended Complaint. Therefore, the Court will not penalize the defendants for their efforts against the deficient Second Amended Complaint.

However, the Court does note that the motions and memoranda may be less than stellar, but that is insufficient to impose sanctions. The memoranda in support present a series of case holdings that are not applied to the factual allegations of the complaint; however, the allegations regarding the instant complaint are laid out sequentially, but separately, in the motions to dismiss. This work does not merit a sanction because while it fails to assist the Court very effectively, it does contain the essentials of Defendants' assertions. It would have been greater assistance to the Court if the cases cited were applied to the facts of this case, rather than simply listed in sequential order.

Unfortunately, the Court's concern with the filings in this case to date are not limited to these two (2) motions. For example, in review of the response by Plaintiffs to the Ross and South Brandon Motions to Dismiss, the Court came across another point of concern with the work presented. Plaintiffs, in making the argument that the Court should allow amendment of the complaint so that it properly named the Defendant Edward Ross instead of Edwin Ross, cited the Court to the case of *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir.1992). This case was cited for the proposition that "since the failure of a 'litigant to spell a defendant's name correctly— despite a plethora of indicia as to whom the named defendant refers—does not justify dismissal' the Ross Motion should be de-

nied." This quote is presented without mention of the fact that the litigant in the case cited was a pro se, civil rights, prisoner litigant.

Certainly, counsel for Plaintiffs does not intentionally imply a desire to be treated in the same manner as a pro se, civil rights, prisoner litigant. As presented, the Court could perceive this quote as an attempt to mislead the court. The Court reminds all counsel of Model Rule of Professional Responsibility 3.3, and the ethical duty of candor toward the tribunal. Thus, the Motion for Sanctions filed by Plaintiffs in this case leads to an almost inescapable reference to the proverb, "people who live in glass houses should never throw stones." G. Herbert, Outlandish Proverbs (1640).

A recommendation that has particular appeal in Plaintiffs' Motion for Sanctions is the suggestion that sanctions be imposed early in the litigation so the parties will not create "an agenda for their improper purpose". However, rather than impose sanctions at this point in the litigation, this Court admonishes all parties to proceed with particular attentiveness in regard to the quality of filings presented in the future. The Court requires professionalism from all counsel.

■ All filings should: be focused in purpose and comply with the Federal Rules of Civil Procedure; cite the applicable case law in a proper and forthright manner, applying the facts of this litigation to the law cited; be certain the denials of factual contentions are warranted on the evidence or reasonably based on a lack of information or belief; avoid any hint of claims that are not warranted by existing law or nonfrivolous argument for the extension, modification or reversal of existing law; and not be used for the purpose of harassment or delay. *See* Fed.R.Civ.P. 11.

Accordingly, it is

**ORDERED,** that Plaintiffs' Motion for Leave File a Third Amended Complaint (Docket No. 41) be **GRANTED,** and the Plaintiffs shall have ten (10) days from the date of this order to file the Third Amended Complaint; further, it is

**ORDERED,** that Defendant Edward Ross' Motion to Dismiss (Docket No. 23), Defendant South Brandon Community of God, Inc.'s Motion to Dismiss (Docket No. 20), and Defendant Board of Church Extension and Home Mission of the Church of God, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 84) be **DENIED WITHOUT PREJUDICE;** further, it is

**ORDERED,** that Plaintiffs' Motion to Appoint Receiver (Docket No. 45), Plaintiffs' Motion for Costs (Docket No. 61), and Plaintiffs' Motion for Sanctions (Docket No. 58) be **DENIED** and the Plaintiffs **shall not** include a cause of action regarding the receivership in the Third Amended Complaint.

**DONE AND ORDERED.**