USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

Nos. 98-1453
 98-1454
 98-1498

 JOSEPH E. SIMANONOK,

 Plaintiff, Appellant,

 v.

 EMILE LAMONTAGNE, ET AL.,

 Defendants, Appellees.

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 

 Joseph E. Simanonok on brief pro se.
 Randall E. Smith, Seth D. Harrow, Smith, Elliott, Smith &
Garmey, P.A., Patricia A. Peard, Bernstein, Shur, Sawyer & Nelson,
Andrew Ketterer, Attorney General and Gerald D. Reid, Assistant
Attorney General on brief for appellees.

DECEMBER 7, 1998

 
 Per Curiam. Joseph Simanonok appeals from the district court's
 dismissal of his civil rights complaint against various defendants and from other orders. We
 affirm, with the modification noted below.
 1. Dismissal of the Complaint
 Simanonok has waived his appellate claims relative to dismissal of his suit
 against his neighbors, the Lamontagnes, and the state government defendants, by failing to
 brief his claims adequately in his initial brief. See United States v. Benavente-Gomez, 921
 F.2d 378, 386 (1st Cir. 1990). In any event, the district court properly dismissed the complaint
 against those defendants for the reasons given in the magistrate judge's June 11, 1997
 recommended decision (later adopted by the district court). 
 The dismissal of the claims against the municipal defendants was also proper. 
 The complaint failed to allege selective treatment based on impermissible considerations and
 hence did not state an equal protection claim. See Rubinovitz v. Rogato, 60 F.3d 906, 910 (1stCir. 1995) (quoting Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen, 878
 F.2d 16, 21 (1st Cir. 1989)). Moreover, having alleged only that the defendants failed to
 remedy unlawful property improvements and pollution caused by neighbors, the complaint
 also failed to state a constitutional privacy claim. See Roach v. City of Evansville, 111 F.3d
 544, 550 (7th Cir. 1997) (explaining that the constitutional privacy interests protected by the
 Fourteenth Amendment involve, first, the right to avoid disclosure of personal matters and the
 right to make important decisions in the areas of marriage, procreation, contraception, family
 relationships and child rearing and education and, second, expectations of privacy arising in
 the Fourth Amendment search and seizure context). The defendants' failure to take the
 remedial action allegedly required by local and state law did not in and of itself violate
 Simanonok's substantive due process rights. See DeShaney v. Winnebago County Dept. of
 Social Servs., 489 U.S. 189, 196 (1989) (holding that a state has no due process obligation to
 protect its citizens from harm by private parties, absent the existence of some custodial
 relationship); Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994) (explaining that "conscience-
 shocking" facts must be alleged to support a substantive due process claim in the context of
 a conventional zoning or planning dispute). 
 Because the complaint failed to state any federal claims, the court properly
 dismissed any pendent state law claims. See Wagner v. Devine, 122 F.3d 53, 57 (1st Cir.
 1997), cert. denied, 118 S. Ct. 880 (1998). 
 2. Failure to Rule on Class Action Status 
 Simanonok characterized his complaint as a class action. On appeal, he objects
 to the court's failure to determine whether to maintain the suit as a class action, asserting that
 this omission violated Fed. R. Civ. P. 23(c)(1) and 23(e). His assertion lacks merit. Rule
 23(e) is inapplicable because the complaint was not voluntarily dismissed. See 2 Newberg on
 Class Actions 11.65 (3d ed. 1992). In addition, Rule 23(c)(1) was not implicated, because
 the complaint failed even to allege that the prerequisites of Rule 23(a) and (b) had been met. 
 See Trotter v. Klincar, 748 F.2d 1177, 1185 n.10 (7th Cir. 1984) ("[Rule 23(c)(1)] in no way
 suggests that the court must generate sua sponte the evidence and arguments necessary for
 certification. . . . [T]he burden for certification falls on the party seeking certification and he
 cannot be heard to complain that the court has failed to act when he has given it nothing upon
 which to act."). In addition, Simanonok was the only named class representative, and, once
 his federal claims were dismissed, there was no need to resolve the class allegations. Cf. Great
 Rivers Co-Op of S.E. Iowa v. Farmland Indus., Inc., 120 F.3d 893, 899 (8th Cir. 1997)
 (affirming dismissal of class action claim after granting summary judgment against the
 plaintiff because no other class representative had been named and a class could not be
 certified without an appropriate representative). 
 3. Failure to Shift Service Costs to Defendants
 The district court did not abuse its discretion or otherwise err in not shifting the
 costs of service to the defendants under Fed. R. Civ. P. 4(d)(2). In asking for costs,
 Simanonok failed to provide the district court with a copy of the request for waiver form which
 he had sent to the defendants. Accordingly, he failed to show his compliance with Rule
 4(d)(2)(D) and his entitlement to costs. See Fed. R. Civ. P. 4(d)(2)(D) (providing that the
 plaintiff must inform the defendant "by means of a text prescribed in an official form
 promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to
 comply with the request"); Spivey v. Board of Church Extension & Home Mission of the
 Church of God, 160 F.R.D. 660, 662 (M.D. Fla. 1995) ("If the plaintiff properly complies with
 all of the requirements of Rule 4(d)(2), then costs are awarded.").
 4. Attorney's Fees under 42 U.S.C. 1988
 Simanonok challenges the lower court's announcement of its intention to award
 costs and "reasonable" attorney's fees to the Lamontagnes and its award of $6,680.07 in costs
 and attorney's fees to the municipal defendants under 42 U.S.C. 1988. Insofar as his appeal
 targets the court's pronouncement in the Lamontagnes' favor, it is premature. Since that
 intention has not yet been reduced to a sum certain, there is no final, appealable award. SeeCentury 21 Real Estate Corp. v. Century 21 Real Estate, Inc., 929 F.2d 827, 830 (1st Cir.
 1991). 
 Although the district court did not explain its decision awarding fees to the
 municipal defendants, the record shows that the court was justified in doing so. In Coutin v.
 Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997), this court reasoned that
 it may review an unexplained award of fees if the district court's order, "read against the
 backdrop of the record as a whole, [would] expose the district court's thought process and
 show the method and manner underlying its decisional calculus." This is such a case. 
 First, the suit against the defendants was groundless, as Simanonok should have
 known. In an exhibit attached to the complaint, he stated that the municipal defendants had
 no prior knowledge that his neighbors intended unlawfully to improve their property, and both
 the complaint and his other filings indicated that the municipal defendants had acted on his
 grievances, albeit not to his satisfaction. Nonetheless, he sued the municipal defendants. For
 the reasons given above, he failed even to make out a prima facie case against them on any of
 the federal claims asserted -- equal protection, privacy or substantive due process. No more
 was exigible. See S. Nahmod, Civil Rights and Civil Liberties Litigation 10.02, at 342 (3d
 ed. 1991) (explaining that a prevailing defendant may receive 1988 attorney's fees if the
 plaintiff's action was "frivolous, unreasonable or without foundation"); Miller v. Los Angeles
 City Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987) (holding that an award of attorney's fees
 against a pro se plaintiff who knew that his claims lacked merit is "entirely appropriate").
 Second, the municipal defendants submitted a properly supported application
 for fees and costs. In objecting to their application below, Simanonok did not contend that he
 could not pay the sum requested, and he did not challenge the particular evidence submitted
 in support of the application, nor has he made any such contention or challenge on appeal.
 Nonetheless, while we affirm the grant of fees in favor of the municipal
 defendants, we reduce the amount to $5,137.71. This is the aggregate amount of fees and costs
 specified on the invoices annexed to the fee application of record. We think that an award of
 fees in this amount is plainly justified on this record. See Blum v. Stenson, 465 U.S. 886, 897
 (1984) ("When . . . the applicant for a fee has carried his burden of showing that the claimed
 rate and number of hours are reasonable, the resulting product is presumed to be the reasonable
 fee contemplated by 1988."); id. at 892 n.5 (stating that a party waives his right to challenge
 the reasonableness of the number of hours expended by the opposing party's counsel by failing
 to present his challenge in the district court). 
 The judgment of the district court is affirmed, but the award of attorney's fees
 and costs in favor of the municipal defendants is reduced to $5,137.71. The appeal from the
 decision announcing an intention to award attorney's fees and costs in favor of Carol, Emile
 and Doris Lamontagne is dismissed without prejudice for lack of jurisdiction.